COUNTY OF BERGEN, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT, AND S. GOLDBERG & CO., INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1964—Decided June 22, 1964.

Before Judges CONFORD, FREUND and SULLIVAN.

*Mr. George A. Brown* argued the cause for appellant.

*Mr. Jacob Schneider* argued the cause for defendant-respondent, S. Goldberg & Co., Inc.

The opinion of the court was delivered by

SULLIVAN, J. A. D.   The City of Hackensack (Hackensack) appeals from a ruling that it "has no basis for any claim for a portion of the award of the Condemnation Commissioners" and directing that the entire award, less the court clerk's fees and commissions, be paid to defendant-respondent S. Goldberg & Co., Inc. (Goldberg).

The facts which are undisputed are as follows.

On or about October 4, 1960 the City Council of Hackensack authorized the sale at public auction of a tract of city-owned vacant land, subject to specified conditions of sale. By resolution of the city council dated October 18, 1960, a bid of $226,000 made by Goldberg for said property was accepted subject to the conditions of sale.   Pursuant to the resolution, the property was conveyed to Goldberg by deed dated November 3, 1960.   Said deed was an absolute conveyance, without reverter, subject, however, to covenants and conditions "which

shall run with the land and be binding upon the party of the second part, its successors and assigns." The pertinent covenants and conditions are that:

"1. There shall be constructed upon the premises within two years from the date of the execution of this deed a structure or structures, the aggregate cost of which shall not be less than $300,000.00.

\*     ' \*     \*     \*     \*     \*     \*     \*

5. In the event the party of the second part, its successors or assigns, fails to erect the structure or structures as aforesaid on or before November 1, 1962, then the party of the first part shall have the right to collect from the party of the second part as liquidated damages a sum of money which shall be equal to the municipal tax which would be levied against the structure or structures if erected as required and possessing market value of $300,000.00, \* \* \* payable at the same time, in the same manner and with the same penalties and enforcement provision as though it was in fact a municipal tax liability."

On or about July 19, 1961 the Board of Chosen Freeholders of Bergen County adopted a bond resolution to provide funds for the improvement and enlargement of certain county facilities in Hackensack, and on December 20, 1961 the County of Bergen filed a complaint in the Superior Court to acquire by condemnation the premises covered by the November 3, 1960 deed to Goldberg. No structure or structures had as yet been erected on the tract by Goldberg. Hackensack was joined as a party defendant in the condemnation proceeding because of the afore-mentioned covenants and conditions in the November 3, 1960 deed. Hackensack filed an answer in said proceeding contending that it was arbitrary to select this property for the public improvement. Ultimately the county's right to condemn was upheld and an award of $314,500 was made for said property and was deposited with the clerk of the court.

A hearing was held to decide who was entitled to the condemnation award. Goldberg claimed the entire proceeds as sole owner of the property. Hackensack contended that there had been a substantial failure of the consideration set forth in the November 3, 1960 deed in that neither had the

$300,000 tax ratable been erected, nor could Hackensack collect the liquidated damages equivalent to the taxes that would have been levied on a $300,000 ratable. In effect, Hackensack argued that as between itself and Goldberg there should be an equitable recission of the November 3, 1960 conveyance so that Goldberg should receive back the $226,000 purchase price, 6% interest thereon, and $2,542.65 representing the first half of 1962 real estate taxes paid by Goldberg, being a total payment to Goldberg of $255,662.65. The balance of the condemnation award, amounting to $58,837.35 was claimed by Hackensack as compensation for the loss of its interest in the property. As heretofore noted, the trial court ruled that Hackensack had no basis for any claim for a portion of the award and directed that the entire award, less court clerk's fees and commissions, be paid to Goldberg.

The ruling by the trial court was correct. There was no failure of consideration. Hackensack's only interest in the property was to realize the full tax potential therefrom. The provision for liquidated damages was simply to assure to Hackensack the equivalent of such potential. However, every municipality has an interest in collecting taxes on property within its borders. Presumably that is one of the reasons why the Supreme Court, in this very case, held that Hackensack had a sufficient interest to challenge the county's selection of this property for its public improvement as arbitrary. See *Bergen County v. Hackensack*, 39 *N. J.* 377 (1963).

■■ The loss of a tax ratable by condemnation does not entitle the municipality to share in the condemnation award. The right to levy and collect taxes on property is not an interest in property which is taken by the condemnor. The right is simply extinguished by operation of law when the property is acquired by another governmental body. Absent a specific statutory provision, not here present, a municipality is not entitled to compensation from the condemnor for the loss of a tax ratable by condemnation.

Hackensack cites *State by and through Adams v. New Jersey Zinc Co.*, 40 *N. J.* 560 (1963), and *Von Waldheim v.*

*Englewood Heights Estates, Inc.,* 115 *N. J. L.* 220 (*E. & A.* 1935), to support its contention that it has a compensable interest in the condemnation fund. Neither case is apposite. *New Jersey Zinc* involved an optionee who had exercised his option to purchase and was held to have an interest in condemnation proceedings involving the optioned property. *Von Waldheim* dealt with an executory contract to convey land which became impossible of performance because of condemnation. In the instant case there was an absolute conveyance of the property to Goldberg and payment of the purchase price of $226,000.

Hackensack concedes that had Goldberg actually erected the structure or structures called for by the covenant and then condemnation proceedings had then been commenced, it would have no interest in or claim to any part of the award. We see no difference in principle.

Hackensack also contends that Goldberg did not in fact intend to comply with the provisions and conditions of the November 3, 1960 deed, but on the contrary acquired the property solely for speculation and a substantial profit which it should not be permitted to retain. The contents of the supplemental appendix do not sustain this contention. However, assuming that Goldberg was attempting to sell the property on the open market, such attempt was not "unconscionable." Indeed, the November 3, 1960 deed contemplated this eventuality, since it provided that the covenants and conditions therein were to run with the land and be binding on Goldberg "its successors and assigns." Also, the structure or structures called for by the November 3, 1960 deed were required to be erected by November 1, 1962. As early as July 1961 the County of Bergen revealed that it was planning to acquire the property in question for public use. Certainly no fault or criticism can be levelled at Goldberg for not going ahead with any building plans under these circumstances.

Affirmed.